# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KATHY EVANS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-2416 SPM |
| | ) |
| LESLIE TOLLIVER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915. Also before the Court is plaintiff's motion to amend her complaint. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. The Court will also grant plaintiff's motion to amend her complaint. However, plaintiff will be required to file an amended complaint within thirty (30) days of the date of this Memorandum and Order.

**Background**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., for alleged race discrimination, as well as hostile work environment/harassment. Named as defendants in this action are: Leslie Tolliver; Terri S. Knight; Felicia Miller; Sean Nichols and Albert Sander. Plaintiff attached a right to sue letter to her complaint from the Equal Employment Opportunity Commission ("EEOC") dated August 23, 2019.

1

Plaintiff states that she has been employed by the St. Louis Public Schools since November of 2016. She asserts that she was subjected to harassment at one particular school and when she reported the harassment she was moved to another school in August of 2017. She claims that the harassment stopped for a period of time but then resumed in September of 2019 with another individual. She asserts that she was physically assaulted and reported the assault to Human Resources but nothing was done. Plaintiff alleges that she was suspended from her position.

Plaintiff seeks monetary damages in this action.

**Legal Standard**

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. *See, e.g., Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

**Discussion**

Title VII provides a remedy only against an "employer." The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997); *see Bales v. Wal-Mart Stores Inc.*, 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, plaintiff's claims against the individual defendants in this action fail to state a claim upon which relief can be granted under Title VII. Accordingly, the Court will order plaintiff to amend her complaint,

on a court form, within thirty (30) days of the date of this Order so that she may name her "employer" as a defendant in this action.

Moreover, the Court will grant plaintiff's motion to amend her complaint to the extent she is attempting to support her original complaint with exhibits. However, an amended complaint supersedes an original complaint in all relevant aspects. Thus, if plaintiff wishes to refer to an exhibit in her amended complaint, she must attach the exhibit to her amended pleading. The Court must warn plaintiff, however, that it does not accept discovery in the Court record unless it is used in support of a motion for summary judgment or in reference to a motion to compel or motion for judgment on the pleadings.

Last, the Court will deny plaintiff's motion for appointment of counsel at this time. There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors and the factual allegations in the case at hand, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to amend her complaint [Doc #5] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall amend her complaint, on a court-provided form, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of October, 2019.