UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATHY EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2416 SPM |
| | ) | |
| LESLIE TOLLIVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the amended complaint filed by self-represented plaintiff Kathy Evans. (Docket No. 8). The Court previously granted plaintiff *in forma pauperis* status and reviewed her complaint under 28 U.S.C. § 1915. (Docket No. 7). Based on that review, the Court directed plaintiff to file an amended complaint on a Court-provided form and in compliance with the Court's instructions. For the reasons discussed below, the Court will dismiss plaintiff's claims for failure to comply with this Court's Order and pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint and Amended Complaint**

Self-represented plaintiff filed her original employment discrimination complaint against defendants Leslie Tolliver, Terri S. Knight, Felicia Miller, Sean Nichols and Albert Sander. (Docket No. 1). Plaintiff brought her lawsuit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, for alleged race discrimination, as well as hostile work environment/harassment. (Docket No. 1 at 1).

On September 16, 2019, plaintiff filed a motion to amend her complaint. (Docket No. 5). On October 10, 2019, the Court granted plaintiff's motion to amend with the following instructions:

> Title VII provides a remedy only against an "employer." The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." As a result, plaintiff's claims against the individual defendants in this action fail to state a claim upon which relief can be granted under Title VII. <u>Accordingly, the Court will order plaintiff to amend her complaint, on a court form . . . so that she may name her "employer" as a defendant in this action.</u>
>
> Moreover, the Court will grant plaintiff's motion to amend her complaint to the extent she is attempting to support her original complaint with exhibits. However, an amended complaint supersedes an original complaint in all relevant aspects.

(Docket No. 7 at 2-3) (emphasis added) (internal citations omitted).

On November 13, 2019, plaintiff filed her amended complaint on a Court-provided form alleging a Title VII claim against the same previously named defendants and one additional defendant, Muwalium Watson. (Docket No. 8). Defendant Watsons is alleged to be a co-worker, not her employer.

Plaintiff alleges she started her employment at Cole Elementary on December 2, 2016. Plaintiff alleges defendant Watson made "racially/discriminative statements" such as, "I hate you and your kind!" and "Take your black ass back to where you from and leave me alone!" (Docket No. 8-1 at 8). Plaintiff alleges defendant Watson made false reports to defendant Nichols, the school's Principal, regarding plaintiff's failure to follow rules. Plaintiff states defendant Watson continued to harass her until April of 2017 despite reporting the allegedly discriminatory conduct to defendant Nichols and non-party Employee Relations Department of St. Louis Public Schools.

Plaintiff alleges she was transferred to Adams Elementary by the school's administration in an attempt "to try and sweep under the rug the harassment by Watson," but by the second day

at Adams Elementary she "began experiencing the same level of racial discrimination" from defendants Sander, Knight, Tolliver, and Miller. (Docket No. 8-1 at 10). Plaintiff states her work environment was so hostile she began to seek therapy and medication. Plaintiff attaches various medical records to her amended complaint to support her diagnosis of anxiety and depression.

In the space designated for the relief she seeks from this Court, plaintiff does not indicate whether she seeks monetary or injunctive relief. Instead plaintiff states: "Review the facts according to the applicable law and make proper judgment based on the facts and evidence." (Docket No. 8-1 at 6). However, on February 21, 2020, plaintiff filed a Memorandum for Clerk "asking the Court to increase [her] punitive damages" to $250,000 because she was "attacked" by defendant Tolliver. (Docket No. 9).

### Discussion

Plaintiff's amended complaint does not comply with this Court's October 10, 2019 Order directing her to file a form complaint naming her *employer* as a defendant in this action. Plaintiff names the same individual defendants as in her original complaint and one additional defendant, Muwalium Watson, none of which are her employer. As the Court informed plaintiff in its Order, Title VII provides a remedy only against an "employer." (Docket No. 7 at 2). The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist.*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690,691-92 (8th Cir. 1997)). Because of plaintiff's non-compliance with this Court's Order instructing plaintiff to amend her complaint to name her employer, plaintiff's claims against the individual defendants in this action

4

fail to state a claim upon which relief can be granted under Title VII. The Court will dismiss her Title VII claims against defendants with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, are **DISMISSED**, with prejudice, against all individual defendants pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE